# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| Sound United, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-12540 |
| | ) | |
| Amazon Seller "Active Trade," | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

_____

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Sound United, LLC d/b/a Denon, Polk Audio, Marantz, Definitive Technology, Heos, Boston Acoustics, and Classé ("Sound United" or "Plaintiff"), as and for its Complaint against Defendant Amazon Seller "Active Trade" ("Defendant"), alleges upon personal knowledge as to its own acts and as to events taking place in its presence, and upon information and belief as to all other facts, as follows:

## NATURE OF THIS ACTION

1.     Sound United seeks injunctive relief and monetary damages for Defendant's trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as related state law claims arising from Defendant's improper sale of Sound United Products, use of trademarks owned and used by Sound United, and unfair and deceptive business practices.

2.     As described in more detail below, Defendant has and continues to sell materially different Sound United products through online commerce sites, including, but not limited to, Amazon.com.  Defendant's conduct has produced and, unless enjoined by this Court, will

continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Sound United.

3.      As a result of Defendant's actions, Sound United is suffering a loss of the enormous goodwill that Sound United has created in its trademarks and is losing profits from lost sales of products.  This action seeks permanent injunctive relief and damages for Defendant's infringement of Sound United's intellectual property rights.

4.      Further, this case concerns Defendant's wrongful, unauthorized promotion and sale of Sound United Products on the Internet and through online commerce sites including, but not limited to, Amazon.com.  As described more fully below, upon information and belief, Defendant has tortiously interfered with and intentionally induced the breach of Sound United's contractual relations with one or more of its Authorized Resellers.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

6.      This Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1367(a).

7.      Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts and this District pursuant to Mass. Gen. Laws ch. 223A §3 because (a) Defendant has sold numerous products into the Commonwealth and this District; (b) Defendant has caused tortious injury to Sound United's trademarks within the Commonwealth and this District; (c) Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth and this District; (d) Defendant regularly conducts or solicits business within the

Commonwealth and this District; (e) Defendant regularly and systematically directs electronic activity into the Commonwealth and this District with the manifest intent of engaging in business within the Commonwealth and this District, including the sale and/or offer for sale to Internet users within the Commonwealth and this District; and (f) Defendant enters into sales contracts with residents of the Commonwealth and this District through the sale of items on various online retail platforms and in Internet auctions.

8.      Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## **PARTIES**

9.      Plaintiff Sound United, LLC d/b/a Denon, Polk Audio, Marantz, Definitive Technology, Heos, Boston Acoustics, and Classé is a Delaware Limited Liability Company having its principal place of business at One Viper Way, Vista, California 92081.  Sound United is a home theater and audio/video products manufacturer and its media products are marketed and sold in the United States of America under the Denon, Polk Audio, Marantz, Definitive Technology, Heos, Boston Acoustics, and Classé brands (collectively, the "Sound United Brands," and the products sold under the Sound United Brands are collectively referred to as the "Sound United Products").

10.     Upon information and belief, Defendant Amazon Seller "Active Trade" is an Amazon third party reseller, and does business and has done business and sold products, including Sound United Products, to customers within the Commonwealth of Massachusetts and this District through various online commerce sites, including, but not limited to, Amazon.com,

using seller names, including, but not limited to, "Active Trade."  Defendant is an unauthorized dealer of Sound United Products.

## FACTS

*Sound United's Trademark Usage*

11.    Sound United's products are sold under a variety of trademarks registered at the U.S. Patent and Trademark Office ("PTO").  Sound United is the sole and exclusive owner and/or licensee of several federally registered trademarks on the PTO's Principal Register. These marks have been in continuous use since at least their respective date of registration. True and correct copies of printouts from TESS evidencing these registrations are attached hereto as Exhibit 1.   Said registrations are in full force and effect, and most of these marks are incontestable pursuant to 15 U.S.C. § 1065.  The marks contained in Exhibit 1 are referred to collectively as the "Sound United Marks."  The Sound United Marks are set forth below:

| Mark | Reg. Date | Reg. No. |
|------|-----------|----------|
| **DENON** | July 28, 1998 | 2,176,147 |
| **POLK AUDIO** | November 18, 2008 | 3,533,922 |
| **MARANTZ** | February 14, 1989 | 1,538,024 |
| **DEFINITIVE TECHNOLOGY** | April 7, 1992 | 1,681,827 |
| **HEOS** | June 16, 2015 | 4,756,918 |
| **BOSTON ACOUSTICS** | August 28, 1984 | 1,291,939 |
| **CLASSÉ** | July 11, 2006 | 3,113,681 |

12.    Sound United advertises, distributes, and sells its products to consumers under the Sound United Marks.

4

13.     Sound United has also acquired common law rights in the use of the Sound United Marks throughout the United States.

14.     Sound United's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of Sound United's exclusive ownership or license of the Sound United Marks.

15.     Sound United has invested many millions of dollars and has expended significant time and effort in advertising, promoting, and developing the Sound United Marks throughout the United States and the world.  As a result of such advertising and promotion, Sound United has established substantial goodwill and widespread recognition in its Sound United Marks, and those marks have become associated exclusively with Sound United and its products by both customers and potential customers, as well as the general public at large.

16.     To create and maintain such goodwill among its customers, Sound United has taken substantial steps to ensure that products bearing its Sound United Marks are of the highest quality.  As a result, the Sound United Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

17.     As a result of, *inter alia*, the care and skill exercised by Sound United in the conduct of its business, the high quality of the goods sold under the Sound United Marks, and the extensive advertising, sale, and promotion by Sound United of its products, the Sound United Marks have acquired secondary meaning in the United States and the world, including this District.

18.     Sound United is not now, nor has it ever been, affiliated with Defendant, and has not now, nor has it ever, given Defendant permission to use any of the Sound United Marks.

*Sound United's Authorized Reseller Network*

19.     Another critical investment that Sound United has made to ensure that the Sound United Products are of the highest quality is the development of a nationwide network of authorized distributors ("Authorized Distributors") and authorized dealers ("Authorized Dealers," and collectively with Authorized Distributors, "Authorized Resellers" and the "Authorized Reseller Network").

20.     As a prerequisite to becoming part of the carefully selected Authorized Reseller Network, Sound United 1) requires that its Authorized Distributors execute an agreement (the "Authorized Distributor Agreement"), which requires that such Authorized Distributors only sell to Sound United Authorized Dealers; and 2) requires that its Authorized Dealers execute an agreement (the "Authorized Dealer Agreement"), which requires that such Authorized Dealers follow specific quality controls and allows it to sell Sound United Products only to end-users and only at the locations and websites designated in the Authorized Dealer Agreement.  The terms of the Authorized Dealer Agreement also prohibit the transshipment, diversion, or transfer of any Sound United Products to any other party.  Furthermore, as part of its normal business dealings with its Authorized Reseller Network, Sound United prohibits its Authorized Resellers from transshipping Sound United Products to unauthorized resellers.

21.     Sound United's requirement that each of its Authorized Resellers agree not to transfer any Sound United Products to any other unauthorized party is well known in the retail industry, particularly among retailers of audio products.  Upon information and belief, Defendant was aware of this prohibition at all relevant times, and, especially after Sound United provided Defendant with numerous notices of the prohibition.

6

22.     Further, only Sound United Products purchased from an Authorized Reseller qualify for the corresponding Sound United Brand's warranty and are supported by the customer service of its Authorized Reseller Network.

23.     Sound United has invested and has expended significant time and effort in advertising, promoting, and developing its Authorized Reseller Network.  As a result of such advertising and promotion, Sound United has established substantial goodwill and widespread recognition in the Sound United Products, which have become associated exclusively with Sound United by both customers and potential customers, as well as the general public at large.

***Defendant's Infringing and Improper Conduct***

24.     Defendant has sold and is currently selling Sound United Products on various online commerce sites including, but not limited to, Amazon.com, using seller names, including, but not limited to, "Active Trade."  Defendant sells a variety of audio/video products.

25.     Defendant offers for sale and sells Sound United Products on the Internet using the Sound United Marks.

26.     Many of the Sound United Products that Defendant sells online through Amazon.com are advertised as being in "new" condition.

27.     Examples of Defendant's product listings utilizing the Sound United Marks, include, but are not limited to, the following:





28.     Sound United Product listings on Defendant's Amazon.com storefront suggests to

consumers that they come with the corresponding Sound United Brand's warranty:

Please contact the seller directly for warranty information for this product. You may also be able to find warranty information on the manufacturer's website.

8

29.     Thus, consumers that purchase Sound United Products sold by Defendant expect that those products will have the corresponding Sound United Brand's warranty.

30.     However, only Sound United Products purchased from an Authorized Reseller qualify for the corresponding Sound United Brand's warranty.   All Sound United Brand's warranties are only valid if purchased directly from an Authorized Reseller. All Sound United Brand's warranties do not extend to Sound United Products purchased from unauthorized dealers, such as Defendant.

31.     Sound United has never authorized or otherwise granted Defendant permission to sell Sound United Products.  Defendant is not a Sound United Authorized Reseller.

32.     Because Defendant is not an Authorized Reseller and cannot sell Sound United Products protected by the corresponding Sound United Brand's warranty, the products bearing the Sound United Marks offered and sold by Defendant are materially different than those sold by Sound United.  The Sound United Products sold by Defendant do not have the corresponding Sound United Brand's warranty.

33.     Moreover, to obtain the inventory of Sound United Products Defendant is offering for sale on various online platforms, Defendant intentionally sought out, directly or indirectly, and obtained Sound United Products from one or more Sound United Authorized Resellers.

34.     Based on knowledge in the industry as well as previous correspondence from Sound United notifying Defendant of Sound United's Authorized Distributor Agreements and Authorized Dealer Agreements, Defendant was aware that each of those Authorized Resellers was prohibited from selling Sound United Products to Defendant.

35.     Defendant's promotion and sale of Sound United Products without authorization or license creates the false impression that Defendant is among Sound United's Authorized

Reseller Network and has caused consumer confusion and disappointment. For example, Defendant has not received training from Sound United to be able to adequately service customers purchasing and/or attempting to purchase Sound United Products through its online retail spaces, as would a Sound United Authorized Reseller.

36.     Defendant's continued advertisement, display, and sale of Sound United Products as aforesaid has harmed, and continues to harm Sound United and its relationships with its Authorized Resellers.

*Likelihood of Confusion and Injury Caused by Defendant's Actions*

37.     Defendant's actions substantially harm Sound United by placing materially different Sound United Products into the stream of commerce in the United States.

38.     Defendant's sale of Sound United Products bearing the Sound United Marks with no warranty is likely to cause confusion among consumers regarding Sound United's sponsorship or approval of those products.

39.     Defendant's actions substantially harm consumers who purchase Defendant's products believing they are protected by the corresponding Sound United Brand's warranty. Defendant's actions cause consumers to not receive a warranted product as he or she intended.

40.     Defendant's actions substantially harm Sound United's goodwill and reputation when consumers learn that the Sound United Products they have purchased are not protected by the corresponding Sound United Brand's warranty.

41.     The sale of Sound United Products by unauthorized resellers, such as Defendant, interferes with Sound United's ability to control the quality of products bearing the Sound United Marks.

42.     As a result of Defendant's actions, Sound United is suffering the loss of the enormous goodwill it created in the Sound United Marks.

43.     Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Sound United's irreparable harm.

## COUNT I
## Trademark Infringement

44.     Sound United hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45.     This is a claim for federal trademark infringement under 15 U.S.C. § 1114 and 15 U.S.C. § 1125.

46.     The acts of Defendant alleged herein constitute the use in commerce, without the consent of Sound United, of a reproduction, counterfeit, copy, or colorable imitation of the Sound United Marks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers, and therefore infringe Sound United's rights in the Sound United Marks, all in violation of the Lanham Act.

47.     Defendant has used, and continues to use, the Sound United Marks in the sale of Sound United Products that do not qualify for the corresponding Sound United Brand's warranty. Therefore, the products sold by Defendant are materially different from those offered or sold by Sound United.

48.     Defendant's infringing activities are likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark infringement under 15 U.S.C. § 1114.

49.     As a direct and proximate result of Defendant's actions, Sound United has been, and continues to be, damaged by Defendant's activities and conduct.  Defendant has profited thereby, and, unless its conduct is enjoined, Sound United's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, Sound United is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

**COUNT II**
**Tortious Interference With Contract / Business Relations**

50.     Sound United hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51.     At all relevant times, Sound United has had valid Authorized Distributor and Authorized Dealer Agreements and/or business relationships with its Authorized Resellers of Sound United Products which prohibited the transshipment of Sound United Products to other resellers.

52.     At all relevant times, Defendant had actual knowledge of Sound United's established contractual or business relationships with its Authorized Resellers, and was aware that Sound United's Authorized Distributor Agreements and Authorized Dealer Agreements prohibit the transshipment, diversion, or transfer of any Sound United Products to any other party, directly or indirectly, including, without limitation, Defendant.

53.     Sound United has learned that Defendant has obtained significant inventories of Sound United Products, directly or indirectly, from one or more Authorized Resellers, and has offered for sale and sold, and continues to offer for sale and sell such products through online retail spaces, including, but not limited to, Amazon.com to customers throughout the United States including, without limitation, within this judicial district.

54.     Defendant could only obtain the large inventory of Sound United Products that they are offering for sale (1) through the knowing solicitation and procurement of Sound United Products from one or more of Sound United's Authorized Resellers, (2) through intentional, improper, and knowing interference with these Authorized Dealers' advantageous business relationships with Sound United, or (3) by obtaining Sound United Products from Sound United Authorized Resellers through fraudulent or illicit means.

55.     Defendant has knowingly, wrongfully, maliciously, intentionally, and tortiously interfered with Sound United's contractual relationships or its advantageous business relations by, among other things, soliciting, encouraging, or diverting sales of Sound United Products. These actions have interfered with, impeded, and hindered Sound United's relationships with its Authorized Reseller Network, and have caused specific harm to Sound United's contract/business relationships with the Authorized Resellers from whom Defendant improperly procured Sound United Products, and with other Authorized Resellers with whom Sound United has contracted.

56.     Defendant has no privilege or justification for its actions and its conduct.

57.     Defendant's activities, as alleged, constitute tortious interference with a contract/business relation under the laws of the Commonwealth of Massachusetts.

58.     Defendant has refused to desist from these wrongful acts, and therefore has indicated its intent to continue this unlawful conduct, unless restrained by this Court.

59.     Defendant's actions have proximately caused Sound United damage.

60.     Defendant's actions have irreparably harmed Sound United and its incalculable goodwill in the Sound United brand, and, unless enjoined, will continue to do so in a manner affording Sound United no adequate remedy at law.

## COUNT III
## Unfair Competition Under Mass. Gen. Laws c. 93A

61.     Sound United hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62.     Sound United and Defendant are in the conduct of trade or commerce within the meaning of Mass. Gen. Laws c. 93A.

63.     As detailed above, Defendant's act of obtaining Sound United Products through fraudulent or illicit means constitutes an unfair and deceptive business act.

64.     As detailed above, Defendant's continued interference and unauthorized resale of Sound United Products constitutes an unfair and deceptive business act.

65.     Defendant's acts have caused Sound United damage, have irreparably harmed Sound United and, unless enjoined, will continue to do so in a manner affording Sound United no adequate remedy at law.

66.     Defendant has refused to desist from these wrongful acts, and therefore Defendant has indicated that it intends to continue this unlawful conduct, unless restrained by this Court.

## RELIEF REQUESTED

WHEREFORE, Sound United prays for judgment in its favor and against Defendant providing the following relief:

A.     Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online platform, such as Amazon.com, or any website, website host, website administrator, domain registrar, or internet service provider, from:

    i.         using, or attempting to use, any of Sound United's intellectual property,

14

including, but not limited to, the Sound United Marks;

ii.    acquiring, or taking any steps to acquire, any Sound United Products in violation of Sound United's Authorized Distributor Agreements and/or Authorized Dealer Agreements, or through any other improper or unlawful channels;

iii.    selling, or taking any steps to sell, any Sound United Product unless Defendant can substantiate with documentary evidence that the specific Sound United Product it is listing for sale was not acquired in violation of Sound United's Authorized Distributor Agreements and/or Authorized Dealer Agreements, or through any other improper or unlawful channels;

iv.    engaging in any activity constituting unfair competition with Sound United; and

v.    inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities decried in the paragraphs above.

B.    Award Sound United its actual damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and M.G.L. c. 93A;

C.    Enter judgment that Defendant's acts of infringement have been knowing and willful;

D.    Order the recall, impounding, and destruction of all goods, advertising, or other items bearing infringing markings, pursuant to 15 U.S.C. § 1118, or otherwise;

E.    Award Sound United its reasonable attorneys' fees in bringing this action as allowed by law;

F.      Award Sound United pre-judgment and post-judgment interest in the maximum amount allowed under the law;

G.      Award Sound United the costs incurred in bringing this action;

H.      Award Sound United other relief as this Court deems just and proper.

## **JURY TRIAL CLAIM**

Sound United hereby requests trial by jury on all claims so triable.

[*SIGNATURE PAGE FOLLOWS*]

Respectfully submitted,

Plaintiff,

Sound United, LLC,

by its attorneys,

*/s/ Michael R. Murphy*
Michael R. Murphy (BBO # 671816)
michael.r.murphy@klgates.com
Jack S. Brodsky (BBO # 696683)
jack.brodsky@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100
(617) 261-3175

Dated: December 18, 2019